

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 20, 2018**

_____
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Bridget Brown Parson,** | § | Case No. 15-30080-bjh13 |
| | § | |
| **Debtor.** | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

On January 10, 2018, Select Portfolio Services, Inc. ("Select"), as mortgage servicer, filed the *Certificate of Default* [Docket No. 105] (the "Default") in the above-captioned bankruptcy case. The Default stated that Bridget Brown Parson (the "Debtor") failed to make required payments to Select per the *Agreed Order Conditioning Automatic Stay* [Docket No. 70] (the "Agreed Order") and resultantly the automatic stay lifted for Select to exercise their remedial rights. The Debtor filed an objection [Docket No. 106] on January 12, 2018.

The matter was set for hearing on February 12, 2018. Late Friday afternoon, February 9, 2018, the Debtor filed a motion to continue [Docket No. 117] the Monday hearing. The reasons for the motion were unclear, so the Court set the motion to continue on February 12 as well.

Select brought two witnesses to the hearing on February 12. One was from out of town, and she was present to prove up business records in the case.

At the hearing, the Debtor stated that she needed a 90-day continuance to find new counsel and that she also wanted to terminate the services of her present counsel. She stated on the record that she did not receive any notices from Select as required by the Agreed Order. The Debtor also said that she is current on her payments to Select, but she failed to bring evidence to the hearing to support that position.

Although the hearing had been set for some time and the motion to continue filed on the eve of the hearing, the Court was willing to give the Debtor at least some additional time to prepare for the hearing and to obtain new counsel. Under the circumstances, the Court felt that the 90-day request was too long, and instead granted a 30-day continuance.

However, in an effort to avoid unnecessary travel for Select's witness, the Court allowed Select to put on the out-of-town witness to establish business records. Her testimony was brief.

Finally, on the record, the Court required the Debtor to furnish this Court and opposing counsel by the close of business on February 22, 2018, with evidence that the Debtor has made the payments she claims to have made. Those records shall be filed with this Court. Given that the Debtor really should have brought such evidence with her to the hearing if payment was a defense, especially since no party knew whether the matter would be continued, the Court did not see this requirement as too big a burden on the Debtor.

Mr. Wu, counsel for Select, shall prepare and upload an order consistent with this ruling and the one made in open court.

###END OF FINDINGS AND CONCLUSIONS###