

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 21, 2018**

**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-30080-BJH |
| | § | (Chapter 13) |
| BRIDGET BROWN PARSON, | § | |
| | § | Related to ECF Nos. 106, 107, 114, 115, |
| Debtor. | § | 123, 124, 125, 126, 146, and 147 |
| | § | |

## MEMORANDUM OPINION AND ORDER

On March 15, 2018, the Court held a hearing (the "**Hearing**") to consider, among other matters, the Debtor's Objection to Notice of Termination of Stay [ECF No. 106] (the "**Objection**") and Motion to Reinstate Automatic Stay, Termination and Withdrawal of the Notice to Terminate Automatic Stay, Continuation of Her Automatic Stay of Protection and Request for Hearing [ECF No. 107] (the "**Motion to Reinstate**") filed by debtor Bridget Brown Parson (the "**Debtor**"). For the reasons explained below, the Objection is overruled and the Motion to Reinstate denied.

I.      JURISDICTION AND VENUE

This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Jurisdiction is proper under 28 U.S.C. § 1334 and by the standing order of reference from the District Court.

II.     FACTUAL AND PROCEDURAL HISTORY

Debtor Bridget Brown Parson (the "**Debtor**") with the assistance of attorney Marcus Leinart filed for protection under Chapter 13 of the Bankruptcy Code on January 5, 2015 (the "**Petition Date**"). On March 16, 2016, U.S. Bank National Association ("**U.S. Bank**")[1] filed a motion for relief from stay regarding real property located at 508 Grady Lane, Cedar Hill, Texas [ECF No. 57] (the "**Grady Lane Motion for Relief from Stay**"). Despite the fact that the Debtor was represented by counsel, she began filing pleadings on her own behalf on April 11, 2016, including a request to postpone the hearing on the Grady Lane Motion for Relief from Stay for 180 days so that she may pursue a loan modification. *See* ECF Nos. 62, 63, and 68. The Grady Lane Motion for Relief from Stay was ultimately resolved pursuant to the Agreed Order Conditioning Automatic Stay entered on July 15, 2016 [ECF No. 70] (the "**Grady Lane Agreed Order**"). Per the parties' agreement, if the Debtor failed to make timely payments in accordance with the Grady Lane Agreed Order, she would be entitled to notice and a 10-day cure period (the "**Default Notice**"). Further

> [i]n the event Debtor[] fail[s] to cure such delinquent payments(s) or actions within such 10-day period or in the even that Debtor[] become[s] delinquent after two (2) notices of default, the Automatic Stay shall terminate as to Movant [U.S. Bank]

---

[1] References in this Memorandum Opinion and Order to U.S. Bank are in its capacity as "U.S. Bank National Association, as Trustee and successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as trustee for certificate holders of Bear Stearns Asset Back Securities I LLC, Asset-Backed Certificates, Series 2006-HE7." *See* Grady Lane Motion for Relief from Stay at 1; Grady Lane Agreed Order at 1.

**MEMORANDUM OPINION AND ORDER**                                                                    2

> without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral….

Grady Lane Agreed Order ¶ 8.

On January 10, 2018, Select Portfolio Services, Inc., as mortgage servicer for U.S. Bank, filed its Notice of Termination of Stay [ECF No. 105] (the "**Notice of Termination of Stay**"), alleging that the Debtor defaulted by not making payments or providing proof of payment as required by the Grady Lane Agreed Order. Although represented by counsel, the Debtor filed various pleadings on her own behalf in response to the Notice of Termination of Stay, including the Objection and Motion to Reinstate. The Court set a hearing to consider these matters for Monday, February 12, 2018 (the "**Notice Hearing**").

Although she was aware of the Notice Hearing since at least January 16, 2018,[2] the Debtor filed a Motion to Continue the Hearing [ECF No. 117] (the "**Motion to Continue**"), and a Motion to Substitute the Attorney [ECF No. 118] (the "**Motion to Substitute**") on Friday, February 9, 2018. Due to the timing of the Motion to Continue and the Motion to Substitute, the Notice Hearing went forward as scheduled on February 12. The Court, however, also heard the newly filed motions and granted the Debtor's request to terminate Leinart's employment. *See* ECF No. 119. The Court also granted, in part, the Motion to Continue [ECF No. 129] (the "**Continuance Order**"),[3] granting the Debtor a 30 day continuance to obtain new counsel and requiring the Debtor to file her proof of payment concerning the underlying Notice of Default (the "**Proof**") by the close of business on February 22, 2018. The Court then continued the Notice Hearing to March 15, 2018. The Debtor filed five separate pleadings with the Court prior to the February 22, 2018

---

[2] The Debtor personally filed a Notice of Hearing regarding the February 12 setting on January 16, 2018. *See* ECF No. 108.

[3] *See also* Findings of Fact and Conclusions of Law [ECF No. 128].

**MEMORANDUM OPINION AND ORDER**                                                                                                 3

deadline, *see* ECF Nos. 123-27, but failed to file the required Proof. The Court then *sua sponte* granted the Debtor an extension through 4:30 p.m. on March 5, 2018 to file her Proof. *See* ECF No. 130. As of the date of this Memorandum Opinion and Order, however, the Debtor has failed to provide the Court with the required Proof.

The Court reconvened the Notice Hearing on March 15, 2018.[4] The uncontested[5] evidence admitted into the record at the Notice Hearing was sufficient to prove that counsel for U.S. Bank properly served both the Default Notice and the Notice of Termination of Stay to the Debtor and her counsel in full compliance with the Grady Lane Agreed Order. As such, the automatic stay as to the Grady Lane Property terminated in accordance with the Grady Lane Agreed Order and U.S. Bank was and is authorized to take any and all steps necessary to exercise its rights against the Grady Lane Property. Accordingly,

IT IS ORDERED that the Objection is OVERRULED and the Motion to Reinstate is DENIED.

IT IS FURTHER ORDERED that, because the Objection is overruled and the Motion to Reinstate denied, the Debtor's Motion for Expungement of Mortgage Debt [ECF No. 123], Motion to Produce the Original Mortgage Promissory Note for the Contested Motion to Terminate the Automatic Stay of Protection of her Home at 508 Grady Lane Cedar Hill, Texas 75104 that Violated Due Process of Law [ECF No. 124], Motion to Object to the "Certificate of Default" and/or Termination of Protection of her Home Located at 508 Grady Lane Cedar Hills, TX 75104

---

[4] The Court made extensive oral findings and conclusions at the end of the initial and reconvened Notice Hearing. Those findings and conclusions are incorporated by reference into the terms of this Memorandum Opinion and Order.

[5] Although the Debtor appeared at the March 15 Notice Hearing, she left the courtroom 25 minutes into the approximately 90 minute hearing. Prior to the Debtor leaving the Courtroom, the Court cautioned her that the hearing would go forward in her absence.

**MEMORANDUM OPINION AND ORDER**                                                                         4

filed on or About January 10, 2018 that Violates Due Process of Law [ECF No. 125], and Motion for Monetary Damages Against Defendant Mackie Wolf Law Firm for Violation of the Automatic Stay of Protection of her Home [ECF No. 126] are DENIED AS MOOT.

IT IS FURTHER ORDERED that, because the Objection is overruled and the Motion to Reinstate denied, the Debtor's Motion Requesting Proof of Service [ECF No. 114] is DENIED AS MOOT.

IT IS FURTHER ORDERED that, because the Objection is overruled and the Motion to Reinstate denied, the Debtor's Motion for Proof of Service to Mackie Wolfe Law Firm, Motion for an Accurate Accounting of Monthly Mortgage Payments, and Supplemental Motion to Reinstate Bankruptcy Stay [ECF No. 115] is DENIED.[6]

IT IS FURTHER ORDERED that, because the Objection is overruled and the Motion to Reinstate denied, the Debtor's Motion to Set Aside [ECF No. 146] and Motion to Compel US Bank, Select Portfolio Servicing, Attorney Mackie Wolf Law Firm to Show "Required" Proof of Certified Notice and/or Service to Debtor from 11/2017 Regarding a First Notice of Default on her Mortgage Property Located at 508 Grady Lane Cedar Hill, Texas 75104 that Did "Not" Occur that Violates Due Process of Law [ECF No. 14] are DENIED.

IT IS FURTHER ORDERED that, based upon the Court's above rulings, the hearing scheduled for March 28, 2018 at 1:30 p.m. (related to ECF Nos. 124-126, 146, and 147) is cancelled.

The Debtor is formally cautioned against filing any pleadings with the Court in the future

---

[6] The Court notes that it ordered U.S. Bank's counsel to provide the Debtor with the requested proof prior to the March 15 Notice Hearing. *See* Interim Order Denying Debtor's Motion to Set Aside [ECF No. 151] (the "**Interim Order**"). As reflected in the record of the March 15 Notice Hearing, counsel both fully complied with the Interim Order and provided the Debtor with the requested accounting.

**MEMORANDUM OPINION AND ORDER** 5

that do not meet the requirements of Rule 9011 of the Federal Rules of Bankruptcy Procedure ("**Rule 9011**").  If the Debtor files any pleadings in violation of Rule 9011, the Court reserves the right to take appropriate actions against the Debtor, which may include sanctions, an injunction barring her from filing any future pleadings in this case without prior leave of Court, and/or striking pleadings from the record.

# # # END OF MEMORANDUM OPINION AND ORDER # # #