

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 22, 2018**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | **CASE NO. 15-30080-BJH** |
| **BRIDGET BROWN PARSON,** § | **(Chapter 13)** |
| § | |
| Debtor. § | **Related to ECF No. 161** |
| § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEBTOR'S MOTION TO RECUSE**

Before the Court is the Motion for Recusal of Judge Hale [ECF No. 161] (the "Motion to Recuse"), the Motion to submit recusal and supplemental recusal to the administrative law judge for hearing pending further proceeding in this court [ECF No. 166], and the Affidavit relating to the Motion to submit verified recusal [ECF No. 173] (collectively, the "**Motions to Recuse**")[1]

---

[1] The Motions to Recuse assert the same, or substantially similar, arguments as one another. Consequently, for simplicity purposes, the Court will refer only to the Motion for Recusal of Judge Hale [ECF No. 161], but the reasoning applies with equal weight to the Motion to submit recusal and supplemental recusal to the administrative law judge for hearing pending further proceeding in this court [ECF No. 166] and the Affidavit relating to the Motion to submit verified recusal [ECF No. 173].

filed by debtor Bridget Brown Parson (the "**Debtor**"),[2] in which the Debtor argues that I should be immediately recused from presiding over the Debtor's bankruptcy case because I allegedly (1) gave "contested testimony" at a hearing held February 12, 2018 (the "**February 12th Hearing**") and am now a witness to the Debtor's case, making it impossible for her to receive a fair trial; (2) am racially prejudiced toward the Debtor and denied her fair and equal justice; (3) had "illegal" ex parte communications with opposing counsel, Stephen Wu ("**Mr. Wu**"); and (4) entered adverse rulings against the Debtor that continue to prejudice the Debtor's ability to reorganize her debt.  Motion to Recuse at 2-5.

Before turning to the merits of the Motion for Recusal, the Court would like to briefly address the procedural posture of this case.  As explained more fully below, the primary issues before the Court initially began as a motion to lift stay that was resolved by an agreed order signed by the Debtor personally.  After the Debtor allegedly defaulted in making payments under the agreed order, the Court held a hearing to determine whether a default occurred and, if so, whether the Debtor received proper notice of such default.  At the hearing, the Debtor alleged that she had proof that she had made the payments at issue.  Although the Court gave the Debtor multiple opportunities (both at the hearing and thereafter) to provide her alleged proof, the Debtor failed to do so.  Instead, the Debtor filed at least 25 separate pleadings, including the Motion to Recuse.

---

[2] The Court notes that the Debtor filed these motions in violation of the Order granting motion to continue hearing [ECF No. 129], which ordered that the Court will not consider any pleadings filed less than one week prior to the close of business on March 8, 2018.  Nevertheless, the Court considered each of the Motions to Recuse and denies each one.

### I. JURISDICTION, VENUE, AND AUTHORITY TO CONSIDER THE MOTION TO RECUSE

This is a proceeding to disqualify the above-signed judge under 28 U.S.C. § 455, which is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Jurisdiction is proper per 28 U.S.C. § 1334 and by the standing order of reference from the District Court.

Despite the Debtor's arguments to the contrary, this Court has the authority to consider and rule upon the Motion to Recuse. More specifically, Rule 5004(a) of the Federal Rules of Bankruptcy Procedure states that the provisions of 28 U.S.C. § 455 shall govern the disqualification of a bankruptcy judge from a proceeding, contested matter, or case. Section 455 reads in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>
>> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; [and]
>>
>> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]

28 U.S.C. § 455. The Fifth Circuit has interpreted this statute to give the judge who is the subject of a motion to recuse authority to decide the motion. *U.S. v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (a motion to recuse is committed to the discretion of the subject judge, and the denial of such motion will only be reversed upon the showing of an abuse of discretion); *Wilborn v. Wells Fargo Bank*, N.A. (*In re Wilborn*), 401 B.R. 848 (Bankr. S.D. Tex. 2009) (citing *U.S. v. Mizell*, 88

F.3d 288, 299 (5th Cir. 1996) (the subject judge has broad discretion in determining whether disqualification is appropriate).

## II.    FACTUAL AND PROCEDURAL HISTORY

Debtor Bridget Brown Parson (the "**Debtor**") filed for protection under Chapter 13 of the Bankruptcy Code on January 5, 2015 (the "**Petition Date**"). On March 16, 2016, U.S. Bank National Association ("**U.S. Bank**")[3] filed a motion for relief from stay regarding one of the Debtor's properties located at 508 Grady Lane, Cedar Hill, Texas[4] [ECF No. 57] (the "**Grady Lane Motion for Relief from Stay**"), which was resolved pursuant to the Agreed Order Conditioning Automatic Stay entered on July 15, 2016 [ECF No. 70] (the "**Grady Lane Agreed Order**").  Per the parties' agreement, if the Debtor defaulted under the terms of the Grady Lane Agreed Order, U.S. Bank was entitled to send a written notice to cure such delinquent payment, and if the Debtor failed to cure within 10 days of the notice, the Automatic Stay would terminate. *See* Grady Lane Agreed Order ¶ 8.

On January 10, 2018, Select Portfolio Services, Inc. ("**Select Portfolio**"), as mortgage servicer for U.S. Bank, filed its Notice of Termination of Stay [ECF No. 105] (the "**Notice of Termination of Stay**"), alleging that the Debtor defaulted by not making payments or providing proof of payment as required by the Grady Lane Agreed Order.  The Debtor objected to the Notice of Termination of Stay [ECF No. 106], in which she complained of a lack of due process and requested a hearing to show her proof that payments had been made but not properly posted to her account.  While not routine, it is not uncommon for a debtor to contest a notice of default or

---

[3] U.S. Bank filed the Motion for Relief from Stay "as Trustee and successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as trustee for certificate holders of Bear Stearns Asset Back Securities I LLC, Asset-Backed Certificates, Series 2006-HE7.  Motion for Relief from Stay at 1.

[4] The Debtor's Schedules reflect that she owned two pieces of real property as of the Petition Date:  (1) 508 Grady Lane, Cedar Hill, Texas, and (2) 612 Penguin Drive, Dallas, Texas.  Schedule A [ECF No. 13] at 1.

termination of stay, and to assert that she is current on her payments. In that instance, the Court will require the debtor to present proof of payment as evidence that the she is not in default. If the debtor is able to provide such proof, then the Court will enforce the automatic stay and the terms of a previous agreed order modifying the automatic stay will not be triggered. However, if the debtor cannot provide proof of payment, and the creditor has provided proper notice and opportunity to cure, then the stay will automatically terminate.

In the present case, there were two primary issues underlying U.S. Bank's Notice of Termination of Stay: (1) whether the Debtor was in default under the terms of the Grady Lane Agreed Order, and (2) if so, whether U.S. Bank provided the Debtor with the required notice of her default. To address these issues, the Court held a hearing at which it followed the procedures explained above and ordered the Debtor to provide proof of payment (the "**Proof**") by February 20, 2018. Such Proof would serve as evidence that she was not in default and would prevent the stay from terminating. When the Debtor failed to provide the required Proof by the February 20th deadline, the Court *sua sponte* granted the Debtor an extension through March 5, 2018. *See* Order Requiring Debtor to File Proof of Payment by March 5, 2018 [ECF No. 130]. To date, however, the Debtor has failed to present the required Proof.

What went from a mere disagreement between the Debtor and U.S. Bank concerning the Debtor's default has now spiraled into a much larger issue. Rather than filing the required Proof or otherwise addressing the underlying Notice of Termination of Stay, the Debtor has filed an excessive amount of pleadings that neither address the original issues nor present a reasonable basis for granting the Debtor any form of relief. Included in these pleadings was the Debtor's Motion to Recuse, which she orally supplemented at the hearing on the Motion to Recuse held

**MEMORANDUM OPINION ORDER** 5

March 15, 2018 (the "**March 15 Hearing**"), alleging that Judge Hale must also recuse himself because his adverse rulings against the Debtor continue to prejudice her ability to reorganize.

### III.    LEGAL ANALYSIS

As previously explained, Bankruptcy Rule 5004(a) provides that disqualification of a bankruptcy judge shall be governed by 28 U.S.C. § 455.  Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which he is presiding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  A judge, however, is presumed qualified to preside over a case.  *Wilborn*, 401 B.R. at 859-60 (citing cases). Moreover, a movant seeking disqualification bears the burden of proving that a judge is unqualified by clear and convincing evidence. *Kinnear–Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir.1971).

Recusal under 28 U.S.C. § 455(a) is considered based upon objective criteria, and the standard to be applied is "whether a reasonable person with knowledge and understanding of all the relevant facts would conclude that the judge's impartiality might reasonably be questioned." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009); *see also Liteky v. U.S.*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring in judgment) ("[U]nder [28 U.S.C.] § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute"). A party's statement that she believes a court is not impartial, without more, does not constitute grounds for recusal. *See In re Quintana*, 2001 WL 36241853, at *1 (Bankr. N.D. Tex. Feb. 15, 2001) (citing cases).

In *Levitt v. University of Texas*, 847 F.2d 221 (5th Cir. 1988), the Fifth Circuit addressed the proper procedure for determining a motion to recuse, holding that "[t]he judge can himself decide whether the claim asserted is within § 455.  If he decides that it is, then a disinterested judge must decide what the facts are." *Id.* at 226 (citation omitted). Thus, in order to rule on the Motion

to Recuse, the Court must first decide whether the "claim asserted" by the Debtor "rises to the threshold standard of raising a doubt in the mind of a reasonable observer" as to my impartiality. If not, then I should not recuse myself. If so, another judge should "decide what the facts are" by holding an evidentiary hearing, and presumably then this other judge would decide whether disqualification is appropriate. *Id.; see also Lieb v. Tillman (In re Lieb)*, 112 B.R. 830, 836 (Bankr. W.D. Tex. 1990) (analyzing *Levvitt*). Thus, under *Levitt*, the Court must first determine whether the Debtor's allegations rise to the threshold standard. For the reasons explained below, this Court finds that they do not and that recusal is not warranted.

As a preliminary matter, the Debtor appeared at the March 15 Hearing[6] and requested that an administrative law judge hear the matters in her case. The Debtor argued that I am not impartial and could not provide a fair ruling. I informed the Debtor that this Court does not have an administrative law judge and that I have the authority to hear the matters. The Debtor then requested to have the case heard by the Chief Bankruptcy Judge Barbara J. Houser, the judge initially assigned to the Debtor's case. In June 2017, however, Judge Houser was appointed to serve as the leader of a five federal-judge mediation team in the Title III proceedings under PROMESA for the Commonwealth of Puerto Rico and four related governmental instrumentalities. As such, Judge Houser is unavailable to hear the Debtor's case. Once more, I informed the Debtor that I would preside over the matters and proceeded to address the merits of the Motion to Recuse.

---

[6] As ordered by the Court, the March 15th hearing was set primarily to focus on whether the Debtor was provided adequate notice of her default in accordance with the Grady Lane Agreed Order and whether the Debtor had provided the Court with the ordered Proof of payment. *See* Interim Order Denying Debtor's Motion to Set Aside [ECF No. 151] at 7. However, once the Debtor filed the Motion to Recuse, the Court was inclined to set the matter and address the Debtor's concerns therein.

In her first argument, the Debtor alleges that the she "was the only person in the [court]room without a binder that contained documents of negative things about debtor." *See* Debtor's Motion to Recuse at 3 (internal quotations omitted). The Debtor further asserted that, because I reviewed the binder, I am now a witness that will "prejudice" the Debtor unless I am recused. *Id.* The aforementioned binders, however, merely contained exhibits that Mr. Wu provided to both the court *and the Debtor*[7] prior to the hearing. A judge's receipt of exhibits offered into evidence clearly does not make him a witness in the underlying proceeding. Overall, there is simply nothing in the record indicating that I am (or will be) a witness in the Debtor's bankruptcy case. Accordingly, the Debtor's first argument must fail.

As to her second argument, the Debtor asserts that "after hearing testimony from Judge Hale" she was "subjected to malice and racial prejudice." Motion to Recuse at 3-4. The Debtor, however, provides no support for this argument. As such, this is an insufficient ground for recusal. *See Bank of San Antonio v. Swift (In re Swift),* 126 B.R. 725, 729 (Bankr. W.D. Tex. 1991), *aff'd*, 3 F.3d 929 (5th Cir. 1993) (because the debtor offered no facts to support his allegation of bias or prejudice, his contentions must fail and the judge not be recused).

In her third argument, the Debtor alleges that portions of certain Orders referencing the Debtor's children evidence "illegal exparte [*sic*] communications" between the Court and Mr. Wu. *See* Motion to Recuse at 3-4 (internal quotations omitted).[8]

Turning to the Orders at issue, each reads, in relevant part, that:

The Debtor's Schedules reflect that she owned two pieces of real property as of the Petition Date: (1) 508 Grady Lane, Cedar Hill, Texas, which she described as a property she wished to fix up and rent out, and (2) 612 Penguin Drive, Dallas,

---

[7] The Court notes that the Debtor's copy of Mr. Wu's exhibits were not bound but were identical to the exhibits provided to the Court in a binder.

[8] Ex parte communication is defined as a "communication between counsel and the court when opposing counsel is not present." Black's Law Dictionary 296 (8th ed. 2004).

> Texas, which she described as a property her daughter and son live in. Schedule A [ECF No. 13] at 1.

Order Denying Debtor's Motion to Vacate [ECF No. 139] at 2; Order Overruling Debtor's Objections to Findings of Fact [ECF No. 140] at 1. As clearly stated in each Order, the Court found the information regarding the Debtor's children in the Debtor's Schedule A, which she personally signed under penalty of perjury and filed with the Court on January 29, 2015. *See* Schedule A [ECF No. 13] at 1 ("612 Penguin Dr. Dallas, TX 75241 Single Family Residence (daughter and son live in property)"). As such, the Court's references to the Debtor's children clearly do not evidence any ex parte communication between the Court and Mr. Wu. Importantly, the Court's courtroom deputy and the intake staff at the clerk's office have been the only means of communication between the Court, Mr. Wu, and the Debtor. Accordingly, the Debtor's third argument also fails.

Finally, at the March 15 Hearing, the Debtor argued that the Court's adverse rulings against her will continue to prejudice her pending motions filed with the Court. Adverse rulings alone, however, do not constitute grounds for recusal. As the Supreme Court explained:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved.

*Liteky v. U.S.,* 510 U.S. 540, 555 (1994). Consequently, the Debtor's complaint regarding adverse rulings does not justify recusal.

Overall, there is simply nothing in the record indicating that a reasonable person with knowledge and understanding of all the relevant facts would conclude that this Court's impartiality could reasonably be questioned. Based upon this record, it is hereby:

ORDERED that, the Debtor's Motions to Recuse are DENIED. It is further

ORDERED that the Clerk of Court shall serve a copy of this Order to the Debtor at the address reflected on the docket.

# # # END OF ORDER # # #